UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON-ROGERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONNA ALLRED, Sacramento County Clerk Recorder,<br><br>　　　　　Defendant. | No.  2:21-cv-1809 JAM AC PS<br><br><br>ORDER TO SHOW CAUSE AND ORDER VACATING  HEARING |

　　　　Plaintiff is proceeding in this action pro se, and the matter was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R.  302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  However, on October 4, 2021, plaintiff paid the filing fee and the request to proceed IFP was therefore stricken as moot.  ECF No. 3.  On October 12, 2021, plaintiff requested entry of default against defendant, and the Clerk of Court entered default.  ECF Nos. 9, 10.  On November 19, 2021, plaintiff moved for default judgment.  ECF No. 11.  On November 29, 2021, plaintiff again moved for default judgment, this time setting a hearing date for January 5, 2022.  ECF No. 12.

　　　　When a complaint clearly does not state a claim upon which the court can grant relief, a court may dismiss the case on its own ("sua sponte"), at the outset, without leave to amend.  See

1

Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte dismissal of claim under Rule 12(b)(6), Fed. R. Civ. P.).  Plaintiff is hereby notified that the undersigned is contemplating recommending dismissal on this legal basis; plaintiff is now provided the opportunity to demonstrate in writing why the case should not be dismissed or to provide an amended complaint that resolves the problems in the current complaint.

## I. THE COMPLAINT

Plaintiff is suing Donna Allred, Sacramento County Clerk Recorder, in her official capacity, under 42 U.S.C. § 1983.  ECF No. 1 at 2, 4.  The only fact alleged in plaintiff's complaint is that "The County Clerk Recorder of Sacramento County has allowed the use of its public facilities to corporations seeking to harm the Trust and Estate of Mary Alice Nelson Rogers, while at the same time denying the use of its public services to the Plaintiff, Mary Alice Nelson Rogers."  Id. at 5.  Plaintiff alleges that incidents occurred on September 14, 2021 at 1:00 p.m. and on September 27, 2021 at 1:30 p.m.  Id.  Nowhere in the complaint does plaintiff explain what happened or identify any specific actions taken by defendant.

## II. WHY THE COMPLAINT FAILS TO STATE A CLAIM

Plaintiff seeks a remedy for defendant's alleged violation of 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  Plaintiff's complaint, as drafted, does not specify any action that is alleged to violate a constitutional right.  The court cannot identify from plaintiff's complaint any specific allegedly unconstitutional event, let alone the particular constitutional right allegedly violated.  Conclusory statements such as "Plaintiff further alleges malfeasance and misfeasance by the County Clerk Recorder by allowing the commission of an act that the County Clerk Recorder had no right to do, and furthermore failed to do a lawful act in a proper manner, that may be a criminal violation" are not enough, because plaintiff does not tell the court what the "act" was.  ECF No. 1 at 6.  There is no relief that the court can possibly provide on the basis of the complaint as drafted.

////

It is clear that plaintiff cannot maintain a claim for relief based on the current complaint. Because plaintiff "cannot possibly win relief," sua sponte dismissal appears to be appropriate. See Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

### III.  ORDER and ORDER TO SHOW CAUSE

In accordance with the above, IT IS HEREBY ORDERED that plaintiff must show cause in writing no later than December 22, 2021 why this case should not be dismissed for failure to state a claim upon which relief can be granted.  **Plaintiff may file an amended complaint that addresses the problems in the current complaint to discharge this order.**  If plaintiff fails to respond, the undersigned will recommend this case be dismissed for failure to state a claim upon which relief can be granted.

It is further ORDERED that the hearing on the motions for default judgment (ECF Nos. 11 and 12) currently set for January 5, 2022 is VACATED to be reset as necessary.

IT IS SO ORDERED.

DATED: December 1, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE