UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON-ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>DONNA ALLRED, Sacramento County Clerk Recorder,<br><br>Defendant. | No. 2:21-cv-1809 JAM AC PS<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se, and the matter was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. 302(c)(21). For the reasons explained below, the court finds that the Amended Complaint should be dismissed. Before making a recommendation for dismissal to the district judge, the undersigned will give plaintiff a second opportunity to amend.

I.     PROCEDURAL HISTORY

On October 1, 2021, plaintiff filed the complaint and a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915; she also submitted the affidavit required by that statute. ECF Nos. 1, 2. However, on October 4, 2021, plaintiff paid the filing fee and the request to proceed IFP was therefore stricken as moot. ECF No. 3. Accordingly, the complaint was not screened pursuant to 28 U.S.C. § 1915(e)(2).

The complaint named Donna Allred, Sacramento County Clerk Recorder, as the sole defendant, under 42 U.S.C. § 1983. ECF No. 1 at 2, 4. The only fact alleged was that "The County Clerk Recorder of Sacramento County has allowed the use of its public facilities to corporations seeking to harm the Trust and Estate of Mary Alice Nelson Rogers, while at the same time denying the use of its public services to the Plaintiff, Mary Alice Nelson Rogers." Id. at 5. Plaintiff alleged that unspecified incidents occurred on September 14, 2021 at 1:00 p.m. and on September 27, 2021 at 1:30 p.m. Id.

On October 12, 2021, plaintiff requested entry of default against the defendant, and the Clerk of Court entered default. ECF Nos. 9, 10. On November 19, 2021, plaintiff moved for default judgment. ECF No. 11. On November 29, 2021, plaintiff again moved for default judgment, this time setting a hearing date for January 5, 2022. ECF No. 12.

On December 2, 2021, the court issued an order to show cause to plaintiff explaining that the complaint did not state a claim upon which relief could be granted and ordering plaintiff to show cause in writing no later than December 22, 2021 why this case should not be dismissed for failure to state a claim. ECF No. 13. The court noted that plaintiff could discharge the order to show cause by filing an amended complaint that addressed the problems in the original complaint by setting forth the factual basis for plaintiff's claims. Id. On December 10, 2021, plaintiff filed an Amended Complaint. ECF No. 14.

II. THE AMENDED COMPLAINT

Plaintiff again names Donna Allred, Sacramento County Clerk Recorder, as the sole defendant. ECF No. 14 at 3. In the "Introduction" section of the Amended Complaint, plaintiff states that she "seeks judicial redress for violations of her civil rights due to racial profiling" and seeks to confirm "that people of color may use public government facilities, just like white citizens, without having to suffer the indignities of racial discrimination at the hands of government officials." Id. at 2. Plaintiff variously invokes the Fourth and Fourteenth Amendments, the Equal Protection Clause, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and several California laws and state constitutional provisions as legal bases for her complaint. Id.

In the "Facts" section of the complaint, plaintiff states in conclusory fashion that defendant "has allowed the use of its public facilities to corporations seeking to harm the Trust and Estate of Mary Alice Nelson-Rogers, while at the same time denying the use of its public services and facility to the Plaintiff, Mary Alice Nelson Rogers." Id. at 6. Plaintiff does not explain how or when she was denied use of the public services and facility at issue. The complaint does not identify any specific instance of discrimination, or any act of defendant Donna Allred (or any other county official or employee).

The Amended Complaint sets forth thirteen putative causes of action, none of which identify their factual basis. Id. at 8-17.

Overall, the Amended Complaint contains a great deal more legal verbiage than the original complaint, but it does not contain any more factual matter.

### III.  THE AMENDED COMPLAINT IS SUBJECT TO DISMISSAL

When a complaint clearly does not state a claim upon which the court can grant relief, a court may dismiss the case on its own ("sua sponte"), at the outset, without leave to amend. See Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte dismissal of claim under Rule 12(b)(6), Fed. R. Civ. P.). Though plaintiff asserts that several federal and state statutes and constitutional provisions have been violated, the Amended Complaint does not identify any specific illegal act. As with the original complaint, the court cannot tell from the Amended Complaint how plaintiff was discriminated against or what the defendant did that might provide a basis for liability. Conclusory statements that laws have been violated are not enough. There is no relief that the court can possibly provide on the basis of the Amended Complaint. Because plaintiff "cannot possibly win relief," sua sponte dismissal is appropriate. See Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

### IV.  LEAVE TO AMEND

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

3

stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).  Leave to amend does not continue indefinitely, however, and prior failure to cure deficiencies may support denial of further amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).

Before recommending dismissal, the court will give plaintiff one more opportunity to amend and will provide more detailed information about what is required to state a claim.  The Amended Complaint contains a great deal of legal language but contains almost no factual allegations.  This is the primary problem that plaintiff must cure if she wishes to proceed.

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly 550 U.S. at 555).  In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

At a bare minimum, Rule 8 requires plaintiff to plead facts that specifically identify the actions of the defendant that are alleged to have violated plaintiff's rights, including the "who, what, when, and where" of the incidents giving rise to the claims.  Without such factual allegations, the defendant is not put on notice of the claim and its factual basis, and the court cannot evaluate whether the facts would, if ultimately proven, entitle plaintiff to relief.  Vague and conclusory allegations, such as plaintiff's general assertion that Donna Allred is responsible for racial discrimination in the Clerk Recorder's Office, are not enough.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Iqbal, 556 U.S. at 678.  A complaint that fails to identify the specific acts of defendant that allegedly violated plaintiff's rights fails to meet the notice requirements of Rule 8(a).  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

////

Insofar as plaintiff attempts to bring constitutional claims under 42 U.S.C. § 1983, she must identify the specific acts or omissions of the defendant that caused the constitutional deprivation(s) at issue. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

To state a claim under Title VI of the Civil Rights Act of 1964, a plaintiff must allege that (1) the entity involved is engaged in intentional racial discrimination, and (2) the entity involved is receiving financial assistance. Alexander v. Sandoval, 532 U.S. 275, 280-81 (2001). Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994). Here, plaintiff's allegations of racial discrimination and discriminatory intent are entirely conclusory and thus insufficient to state a claim.[1] Plaintiff must present specific facts which identify the acts of discrimination at issue, and facts which reflect discriminatory intent. See Hutchinson, 677 F.2d at 1328 n.5.

A Second Amended Complaint must briefly but plainly identify the discriminatory acts for which plaintiff seeks relief, and the factual basis for each claim.

V.   OUTSTANDING MOTIONS FOR DEFAULT JUDGMENT

Plaintiff's two motions for default judgment, ECF Nos. 11 & 12, seek judgment on the claims of the original complaint. Because the Amended Complaint superseded the original, see Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012), that pleading is without legal effect and cannot provide a basis for judgment. The motions will therefore be denied as moot.

VI.   CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff may file a Second Amended Complaint within thirty days of this order. If plaintiff fails to file a Second Amended Complaint, the undersigned will recommend that the action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

---

[1] Plaintiff also alleges that the Clerk Recorder's Office receives federal funding.

5

2. Plaintiff's motions for default judgment, ECF Nos. 11 & 12, are DENIED AS MOOT.

IT IS SO ORDERED.

DATED: December 21, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE