1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON-ROGERS, | No. 2:21-cv-1809 JAM AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DONNA ALLRED, Sacramento County Clerk Recorder, | |
| Defendant. | |

Plaintiff proceeds in this action pro se, and the matter was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R.  302(c)(21).  Plaintiff has filed a Second Amended Complaint.  For the reasons explained below, the court finds that this case should be dismissed without further leave to amend.

I.      PROCEDURAL HISTORY

On October 1, 2021, plaintiff filed the original complaint and a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915; she also submitted the affidavit required by that statute.  ECF Nos. 1, 2.  However, on October 4, 2021, plaintiff paid the filing fee and the request to proceed IFP was therefore stricken as moot.  ECF No. 3.  Accordingly, the complaint was not screened pursuant to 28 U.S.C. § 1915(e)(2).

////

1   The complaint named Donna Allred, Sacramento County Clerk Recorder, as the sole

2   defendant, under 42 U.S.C. § 1983.  ECF No. 1 at 2, 4.  The only fact alleged was that "The

3   County Clerk Recorder of Sacramento County has allowed the use of its public facilities to

4   corporations seeking to harm the Trust and Estate of Mary Alice Nelson Rogers, while at the

5   same time denying the use of its public services to the Plaintiff, Mary Alice Nelson Rogers."  Id.

6   at 5.  Plaintiff alleged that unspecified incidents occurred on September 14, 2021 at 1:00 p.m. and

7   on September 27, 2021 at 1:30 p.m.  Id.

8   On October 12, 2021, plaintiff requested entry of default against the defendant, and the

9   Clerk of Court entered default.  ECF Nos. 9, 10.  On November 19, 2021, plaintiff moved for

10   default judgment.  ECF No. 11.  On November 29, 2021, plaintiff again moved for default

11   judgment, this time setting a hearing date for January 5, 2022.  ECF No. 12.

12   On December 2, 2021, the court issued an order to show cause directed to plaintiff,

13   explaining that the complaint did not state a claim upon which relief could be granted and

14   ordering plaintiff to show cause in writing no later than December 22, 2021 why this case should

15   not be dismissed for failure to state a claim.  ECF No. 13.  The court noted that plaintiff could

16   discharge the order to show cause by filing an amended complaint that addressed the problems in

17   the original complaint by setting forth the factual basis for plaintiff's claims.  Id.  On December

18   10, 2021, plaintiff filed an amended complaint.  ECF No. 14.

19   The first amended complaint again named Donna Allred, Sacramento County Clerk

20   Recorder, as the sole defendant.  ECF No. 14 at 3.  In the "Introduction" section of the first

21   amended complaint, plaintiff stated that she "seeks judicial redress for violations of her civil

22   rights due to racial profiling" and seeks to confirm "that people of color may use public

23   government facilities, just like white citizens, without having to suffer the indignities of racial

24   discrimination at the hands of government officials."  Id. at 2.  In the "Facts" section of the first

25   amended complaint, plaintiff stated in conclusory fashion that defendant "has allowed the use of

26   its public facilities to corporations seeking to harm the Trust and Estate of Mary Alice Nelson-

27   Rogers, while at the same time denying the use of its public services and facility to the Plaintiff,

28   Mary Alice Nelson Rogers."  Id. at 6.  Plaintiff did not explain how or when she was denied use

2

1  of the public services and facility at issue.  The first complaint did not identify any specific

2  instance of discrimination, or any act of defendant Donna Allred (or any other county official or

3  employee).

4        On December 22, 2021, the court rejected plaintiff's first amended complaint for the same

5  reason her initial complaint was rejected: it failed to identify any specific illegal act or harm

6  resulting therefrom.  As with the original complaint, the court could not tell from the first

7  amended complaint how plaintiff was discriminated against or what the defendant did that might

8  provide a basis for liability.  ECF No. 16.  The undersigned explained that conclusory statements

9  that laws have been violated are not enough, and informed plaintiff that because she could not

10  possibly win relief on the basis of the first amended complaint, sua sponte dismissal would be

11  appropriate.  Id. at 3.   The undersigned provided plaintiff with the standards for a sufficient

12  complaint under Federal Rule of Civil Procedure 8 and the elements of a claim under 42 U.S.C. §

13  1983, and directed her to submit a second amended complaint that "briefly but plainly identif[ied]

14  the discriminatory acts for which plaintiff seeks relief, and the factual basis for each claim."  ECF

15  No. 16 at 5.  Plaintiff filed her second amended complaint on January 5, 2022.  ECF No. 17.

16  II.     THE SECOND AMENDED COMPLAINT

17        The second amended complaint is substantially similar to plaintiff's first two complaints.

18  It contains numerous conclusory statements that the law has been violated, and a great deal of

19  legal language, but again provides no detail whatsoever as to what allegedly illegal act was

20  committed by the defendant.  The only sentence that contains any specific facts is this:

21
22
23
24  > The County Clerk Recorder of Sacramento County on the following dates and approximate times, September 15, 2021 at 1:00 p.m., September 22, 2021 at 1:30 p.m. and September 27, 2021 at 1:30 p.m. allowed the use of its public facilities to corporations seeking to harm the Trust and Estate of Mary Alice Nelson-Rodgers, while at the same time denying the sue of its public services and facility to the Plaintiff, Mary Alice Nelson-Rodgers.

25  ECF No. 17 at 6.

26  III.    THE SECOND AMENDED COMPLAINT IS SUBJECT TO DISMISSAL

27        When a complaint clearly does not state a claim upon which the court can grant relief, a

28  court may dismiss the case on its own ("sua sponte"), at the outset, without leave to amend.  See

1    Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte

2    dismissal of claim under Rule 12(b)(6), Fed.  R. Civ. P.).  Though plaintiff asserts that several

3    federal and state statutes and constitutional provisions have been violated, the second amended

4    Complaint does not identify any specific illegal act.  As with the original complaint and the first

5    amended complaint, the court cannot tell from the second amended complaint how plaintiff was

6    discriminated against or what the defendant did that might provide a basis for liability.  Plaintiff

7    has now been told twice that statements that laws have been violated are not enough.  There is no

8    relief that the court can possibly provide on the basis of the second amended complaint.  Because

9    plaintiff "cannot possibly win relief," sua sponte dismissal is appropriate.  See Wong v. Bell, 642

10   F.2d 359, 362 (9th Cir. 1981); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.

11   1987).

12        IV.    FURTHER LEAVE TO AMEND IS NOT WARRANTED

13        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

14   opportunity to amend unless the complaint's deficiencies could not be cured by amendment.  See

15   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

16   stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).  Leave to amend does not continue

17   indefinitely, however, and prior failure to cure deficiencies may support denial of further

18   amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  At this juncture, leave to amend is no

19   longer appropriate.  Plaintiff has had two opportunities to cure the deficiencies that persist in her

20   second amended complaint.  The undersigned finds that further leave to amend would be futile.

21        V.    CONCLUSION

22        For the reasons explained above, IT IS HEREBY RECOMMENDED that this action be

23   dismissed, with prejudice, for failure to comply with Fed. R. Civ. P. 8 and for failure state a claim

24   upon which relief can be granted.

25        These findings and recommendations are submitted to the United States District Judge

26   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

27   days after being served with these findings and recommendations, plaintiff may file written

28   objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

4

Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 7, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE